[J-27-2017] [MO: Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

MATTHEW RANCOSKY,
ADMINISTRATOR DBN OF THE ESTATE
OF LEANN RANCOSKY AND MATTHEW
RANCOSKY, EXECUTOR OF THE
ESTATE OF MARTIN L. RANCOSKY,

        Appellee

        v.

WASHINGTON NATIONAL INSURANCE
COMPANY, AS SUCCESSOR BY
MERGER TO CONSECO HEALTH
INSURANCE COMPANY, FORMERLY
KNOWN AS CAPITAL AMERICAN LIFE
INSURANCE COMPANY,

        Appellant

:  No. 28 WAP 2016
:
:  Appeal from the Order of the Superior
:  Court entered December 16, 2015 at
:  No. 1282 WDA 2014, affirming in part
:  and vacating in part the Judgment of the
:  Court of Common Pleas of Washington
:  County entered August 1, 2014, at No.
:  2008-11797, and remanding.
:
:  ARGUED:  April 4, 2017
:
:
:
:
:
:
:
:
:
:
:

## CONCURRING OPINION

**JUSTICE WECHT**                         **DECIDED:  SEPTEMBER 28, 2017**

I join the learned Majority Opinion in full.  As a matter of statutory interpretation, the Majority demonstrates astutely that "proof of the insurer's subjective motive of self-interest or ill-will, while perhaps probative of the second prong of the [*Terletsky*] test, is not a necessary prerequisite to succeeding in a bad faith claim."  Maj. Op. at 23.

It bears emphasizing that "self-interest" and "ill will" are not part of Section 8371 as enacted by the General Assembly.  This is unsurprising, inasmuch as such strains of overt malfeasance often will be lacking and, in any event, will seldom be susceptible to establishment by competent proof of record.  That is to say, with apologies to the

drafters of the 1990 edition of *Black's Law Dictionary*, those terms not only are non-mandatory under Pennsylvania's bad faith statute; they generally are analytically unhelpful as well.

Many species of bad faith may flourish notwithstanding the absence of either "self-interest" or "ill will." Shoddy claims-handling, lack of diligence, non-responsiveness, haphazard investigation, unreasonable denials, and the like, all may come within the statutory definition of bad faith while nonetheless falling short of the "self-interest"/"ill will" threshold. "Ill will" suggests an unduly personal or vindictive motive, something that is (and indubitably should be) exceptionally rare in these contexts. In the universe of bad faith insurance claims, "ill will" is more often than not a red herring, and should in any event be given no totemic weight. "Self-interest" suggests that an adjuster or other claims-handler perceives some personal financial benefit that will follow from denial of a claim, something that, while plausible in theory, certainly is far from universal in bad faith cases. In any event, these terms cannot be permitted to devour the definition of bad faith as a whole. The *Terletsky* reference to the *Black's Law Dictionary* 1990 definition inadvertently allowed for confusion (or creative advocacy) on this point. It is salutary that the Majority has now entombed that idea.[1]

Knowing or reckless claims-handling leading to objectively unreasonable denial of benefits, if proven by clear and convincing evidence,[2] embodies the principle that a

---

[1] Nor are we the only ones to have clarified that neither self-interest nor ill will is necessary to a finding of bad faith in the insurance context. The most recent edition of *Black's Law Dictionary*, too, has eliminated any suggestion to that effect. *See Black's Law Dictionary* 166 (10th ed. 2014).

[2] *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (citing *Cowden v. Aetna Cas. & Sur. Co.*, 134 A.2d 223, 227 (Pa. 1957) for the "clear and convincing evidence" standard of proof).

patent absence of good faith is tantamount to the presence of bad faith. Unless our General Assembly intervenes to supersede the Majority's understanding of the legislative will, this is the rule that our courts must apply.